### FITZPATRICK v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. February 23, 1905.)

INJURIES—EVIDENCE—HYPOTHETICAL QUESTIONS.

     Where, in an action for injuries, alleged to have been sustained in an accident on August 22, 1904, a physician who examined plaintiff a little more than two weeks after the accident testified that he found "an old scar" over the right eye, it was error for the court to permit the witness to answer a hypothetical question assuming that the scar was caused by the accident.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Thomas A. Fitzpatrick against the New York City Railway Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Henry W. Goddard and William E. Weaver, for appellant.

SCOTT, J. Manifest error was committed in permitting certain hypothetical questions to be put to the physician called by plaintiff. He testified that he had examined the plaintiff on September 8, 1904, a little more than two weeks after the accident. He testified that he found "an old scar" just outside of the outer angle of the right eye, and a painful point on the back part of the head. It seems to be evident that any scar which justified the description of "old" on September 8th could not have been the result of an accident on August 22d. The next question was a hypothetical one, commencing as follows: "Assuming that Mr. Fitzpatrick was thrown from a car August 22, 1904, sustaining a bruise over the right eye that inflicted a scar that you found there on September 8, 1904." Here it was assumed what could not have been the fact— that the scar which the doctor described as "old" was the result of an injury received in the accident of which complaint was made. The question was properly objected to, and an exception taken to its admission. The doctor evidently saw the false assumption, for he replied guardedly that the facts stated indicated that the plaintiff had had concussion of the brain "some time," which is evidently very different from saying that he had had it as the result of an accident on August 22d. The next question pushed the error even further, for it asked the doctor to assume "that he did have concussion of the brain at that time," of which there was not the slightest evidence. As to this question the proper objection and exception were taken. By this method of examination it was made

to appear to the jury that an "old scar," which, in the very nature of things, if "old," could not have resulted from the accident, indicated that the plaintiff had suffered on August 22d an injury which was liable to have permanent effects. The verdict was a substantial one, and we are not able to say that the errors pointed out did not prejudice the defendant.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.